UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEPHANIE DOLI,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, STEPHANIE DOLI ("DOLI"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. DOLI brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan, and to clarify her rights to benefits under the terms of the plan.

2. DOLI was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METLIFE is a corporation with its principal place of business in the State of New York, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DOLI by METLIFE.

6. DOLI was at all times material an employee of or former employee of First Data Corporation.

7. As a result of her employment at First Data Corporation, DOLI was a covered person under a Long Term Disability Insurance Policy (the "LTD Plan") insured by METLIFE which was issued to First Data Corporation. It is pursuant this LTD Plan to which DOLI is entitled to continued benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METLIFE is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METLIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, METLIFE is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, DOLI is entitled to LTD benefits for the duration of her disability, or until age 65, so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> Disabled or Disability means that, due to Sickness or as a direct result of accidental injury:
>
> • You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> • You are unable to earn:
>
> • during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings or adjusted Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>
> • after such period, more than 80% of Your Predisability Earnings or adjusted Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.

13. Since approximately January 29, 2018, DOLI has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, DOLI made a claim to METLIFE under the LTD Plan. Although benefits were initially denied, following the filing of an administrative appeal, benefits were ultimately approved and paid through November 30, 2020.

15. By letter dated December 15, 2020, METLIFE informed DOLI that it was denying her claim for LTD benefits beyond November 30, 2020, contending that it concluded that she no longer satisfied the definition of disability in the LTD Plan.

16. DOLI timely and properly submitted an appeal of METLIFE's December 15, 2020 denial letter.

17. By letter dated July 20, 2021, METLIFE wrote that it was affirming its previous decision to deny DOLI's LTD claim for disability benefits beyond November 30, 2020 and informed DOLI that her administrative remedies had been exhausted.

18. At all relevant times, DOLI complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, due to sickness or as a direct result of accidental injury, DOLI has been receiving appropriate care and treatment and complying with the requirements of such treatment and has been unable to earn more than 80% of her predisability earnings or adjusted predisability earnings at her own occupation from any employer in her local economy.

20. At all relevant times, due to sickness or as a direct result of accidental injury, DOLI has been receiving appropriate care and treatment and complying with the requirements of such treatment and has been unable to earn more than 80% of her predisability earnings or adjusted predisability earnings from any employer in her local economy at any gainful occupation for which she is reasonably qualified taking into account her training, education, and experience.

21. At all relevant times, DOLI was a Covered Person under the LTD Plan.

22. From December 1, 2020 to the present date, DOLI has not received benefits owed to her under the LTD Plan, despite her rights to these benefits.

23. METLIFE has refused to pay DOLI's LTD benefits beyond November 30, 2020.

24. At all relevant times, METLIFE was the payer of benefits.

25. At all relevant times, METLIFE was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, METLIFE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan

and for deciding any appeals of denied claims.

27. At all relevant times, DOLI has been and remains disabled and entitled to LTD benefits from METLIFE under the terms of the LTD Plan.

28. DOLI has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

29. DOLI incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), DOLI, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. DOLI has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her continued disability benefits.

33. DOLI has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to DOLI at a time when METLIFE knew, or should have known, that DOLI was entitled to those benefits under the terms of the LTD Plan, as DOLI was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DOLI's claim for LTD benefits.

    (c) After DOLI's claim was terminated in whole or in part, METLIFE failed to adequately describe to DOLI any additional material or information necessary for DOLI to perfect her claim, along with an explanation of why such material is or was necessary.

    (d) METLIFE failed to properly and adequately investigate the merits of DOLI's disability claim and failed to provide a full and fair review of DOLI's claim.

35. DOLI believes and thereon alleges that METLIFE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which DOLI is presently unaware, but which may be discovered in this future litigation and which DOLI will immediately make METLIFE aware of once said acts or omissions are discovered by DOLI.

36. Following the termination of benefits under the LTD Plan, DOLI exhausted all administrative remedies required under ERISA and DOLI has performed all duties and obligations on her part to be performed under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of METLIFE, DOLI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding DOLI's

claim for benefits, DOLI, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DOLI is entitled to have such fees and costs paid by METLIFE.

39. DOLI is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, STEPHANIE DOLI prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan with all ancillary benefits to which she is entitled by virtue of her disability and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 26, 2021

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com